UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LORENZO QUINTANA, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| BB&T CORPORATION | |
| Defendant. | |

Plaintiff Lorenzo Quintana ("Plaintiff" or "Mr. Quintana"), individually and on behalf of all others similarly situated, alleges the following on information and belief against BB&T Corporation ("BB&T" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act (TCPA). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" (ATDS) to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place autodialed telephone calls to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress for all persons injured by its conduct.

## STATEMENT OF FACTS

1. This case concerns BB&T's violations of the TCPA.

2. The TCPA does not allow "any person. . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1).

3. Without prior express consent, BB&T Corporation called Mr. Quintana's cellular telephone at least once using an automatic telephone dialing system, including a call on July 27, 2018 from telephone number (888) 765-1808.

4. When Plaintiff answered the call, Defendant's representative informed Plaintiff that they were looking for an "Allen Smith," not Plaintiff, regarding an outstanding debt.

5. When Plaintiff answered Defendant's call, he heard a momentary pause.

6. This pause indicates that Defendants placed the calls at issue with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

7. Plaintiff was not the intended recipient of BB&T's autodialed call.

8. Upon receiving the call, Plaintiff informed the caller that he was not the person they were looking for and asked that he not be called again.

9. Plaintiff is not a customer of BB&T, and has no prior relationship with BB&T.

10. Plaintiff does not owe any debt to BB&T.

11. Plaintiff never provided express written consent to be called by BB&T.

12. BB&T's unlawful call to Plaintiff is part of BB&T's pattern of practice of calling consumers on their cellular telephones using an autodialer who have no direct relationship with BB&T and are not the proper subjects of the debt collection calls.

13. BB&T placed these calls with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

14. BB&T conducted (and continues to conduct) a wide-scale campaign that makes unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the TCPA, 47 U.S.C. § 227.

15. By making these autodialed calls, BB&T caused Plaintiff and the members of the Classes actual harm and cognizable legal injury.

16. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

17. Furthermore, BB&T made the calls knowing they interfered with Plaintiff's and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

18. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an ATDS without their prior express written consent within the meaning of the TCPA.

**PARTIES**

19. Plaintiff Lorenzo Quintana is, and at all times mentioned herein was, a resident of Youngsville, North Carolina, and a citizen of the State of North Carolina.

20. Defendant BB&T is, upon information and belief, a North Carolina corporation with a principle place of business at 200 West Second Street, Winston-Salem, North Carolina 27101.

21. BB&T conducts business throughout this District and the State of North Carolina.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

23. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

24. This Court has personal jurisdiction over Defendant because Defendant has its headquarters and principal place of business in this District, solicits consumers in this District, made and continues to make unwanted autodialed calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

25. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters and principal place of business within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTS COMMON TO THE CLASS

**A. The TCPA of 1991**

26. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

27. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

28. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B. BB&T's Calls to Plaintiff and Class Members**

29. Plaintiff has never been a customer of Defendant.

30. Defendant called Plaintiff at least once, including a call on July 27, 2018 from telephone number (888) 765-1808, using an autodialer without his prior express written consent for the purpose of collecting a debt not owed by Plaintiff. Plaintiff was not the intended recipient of the call.

31. Defendant owns the telephone number (888) 765-1808.

32. In fact, when the number is dialed back, an automation answers which states: "Welcome to BB&T . . ."

33. Specifically, the hardware and software used by Defendant placed the calls at issue with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers, *en masse*, in an automated fashion without human intervention.

34. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

35. When Plaintiff answered Defendant's call, he heard a momentary pause before someone started speaking to him.

36. Plaintiff's situation is not unique because, when placing these calls, Defendant fails to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls and routinely makes debt-collection calls to consumers who are not the intended recipients of the calls.

37. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

38. Defendant knowingly made (and continues to make) autodialed and prerecorded solicitation calls to cellular telephones without the prior express written consent of the call recipients.

39. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

40. Online consumer complaints regarding Defendant's unsolicited phone calls from this same number are legion:

    a. One customer identifying the caller as BB&T states: "I have received calls from this number. Called them back and finally spoke to someone. Stated they were sorry for the calls. Claimed it was about a past account. Never had an account with this bank and promise never to use them in the future for they are idiots. Asked to remove my number from their list. Now 2 months later and the calls have started again. I am sick of this."[1]

    b. "Called didn't answer, left message said it was BB&T with an important message about my account."[2]

    c. "I keep getting calls from BB&T and I have never, ever, done business with them."[3]

    d. "Legit call from BB&T. They had the wrong number listed. . . ."[4]

    e. "I got a message from BB&T (Branch Bank & Trust Co) to call them regarding my account. I do not have an acc[oun]t with them but I like to bust chops so I called them back. Here is the story. This is a collection company for BB&T looking for a neighbor on my block. They got my number and most [likely] yours from a reverse directory lookup by address. They call all nearby on block to see what information they can garner from ne[i]ghbors then put it together, etc."[5]

    f. "[G]etting several calls, I don't answer and let go to voice mail. is BBT of which I have never had an account with!"[6]

    g. "I was out of town and had 4 messages from BB&T when I returned. Called them back. They were looking for someone else and would not give any details. The guy was a foreigner and I could barely understand him. He was a [***] - very rude. I would never use BB&T for

---

[1] https://800notes.com/Phone.aspx/1-888-765-1808 (last checked 8/7/18)
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

7

anything! The company I work for uses that bank and it is one mistake after another!"[7]

h. Another consumer, identifying the caller as BB&T, stated: "I keep getting calls from this number. Well [I] called them back this morning and they w[]ere looking for some[]one else. I told them that that person they are looking for do[es] not live here."[8]

i. "[BB&T has] called and left message and called back and I answered and it was for some one that [I] did not know. Need to get my number off this calling list!!!!!!!!!! BB&T is supposed to be a decent bank!!! Best check out their phone numbers!!!"[9]

j. "BB&T keeps calling me but I've never had an account with them and I don't care to have one. I've been called at 8 in the morning and 12 in the morning. I have been called in school as well and it's becoming annoying. I think the girl who used to have my number had an account and [I]'m sick of [her] problems annoying me!"[10]

k. "Have been getting calls non[-]stop, I just got this number and I guess the person that had the number before me had this number. I called and told them, they said they would remove the number. I hope they do. So tired of the calls. This is from BB&T Bank collections."[11]

l. "I let it to voicemail and I don't have bb&t account."[12]

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

42. Plaintiff proposes the following Class definition:

> All persons within the United States who were not listed in Defendant's records as the intended recipient of a telephone call, and from four years prior to the filing of this action to the date that class notice is disseminated, received from or on behalf of Defendant one or more telephone calls on their cellular telephone.

43. Plaintiff represents, and is a member of, this proposed class.

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

44. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

45. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the class is so numerous that individual joinder would be impracticable.

46. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

47. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

48. The proposed class can be identified easily through records maintained by Defendant.

49. There are well defined, nearly identical, questions of law and fact affecting all parties.

50. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members using an autodialer without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

      d. Whether Defendant should be enjoined from engaging in such conduct in the future.

51. Plaintiff asserts claims that are typical of each member of the class because he is a person who received at least one call on his cellular telephone using an autodialer without his prior express written consent.

52. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

53. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

54. A class action is the superior method for the fair and efficient adjudication of this controversy.

55. Class wide relief is essential to compel Defendant to comply with the TCPA.

56. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

57. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

58. Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

59. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

60. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

61. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

62. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

63. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

64. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

65. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

66. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

67. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

68. Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

69. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

    d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

    e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

      f.   Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 31, 2018

>Respectfully submitted,
>
>By: */s/ Scott C. Harris*
>
>Scott C. Harris
>WHITFIELD BRYSON & MASON LLP
>900 W. Morgan Street
>Raleigh, North Carolina 27603
>Telephone: (919) 600-5003
>Facsimile: (919) 600-5035
>
>**BURSOR & FISHER, P.A.**
>Joshua D. Arisohn (*To Be Admitted PHV*)
>Andrew Obergfell (*To Be Admitted PHV*)
>888 Seventh Avenue
>New York, NY 10019
>Telephone: (646) 837-7150
>Facsimile: (212) 989-9163
>E-Mail: jarisohn@bursor.com
>          aobergfell@bursor.com
>
>*Attorneys for Plaintiff*